UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUSAN MARIE BANKOSZ,<br><br>                              Plaintiff,<br><br>vs.<br><br>BIG DADDY'S ICHABOD'S 1, INC., et al.,<br><br>                              Defendants. | Case No. 2:12-cv-01502-JCM-PAL<br><br>**ORDER** |

The court conducted a dispute resolution conference on January 22, 2013, at the request of the parties. Andre Lagomarsino appeared on behalf of the Plaintiff, and Deverie Christensen appeared on behalf of the Defendants.

The Complaint (Dkt. #1) in this case was filed August 23, 2012, and arises out of claims related to Plaintiff's employment with the Defendant between August 2009, and September 2012. Plaintiff has asserted claims for violations of: (1) the Fair Labor Standards Act ("FLSA") (failure to pay overtime); (2) defamation; (3) intentional infliction of emotional stress; (4) breach of contract; (5) quantum meruit; (6) FMLA interference; and (7) FMLA retaliation. Plaintiff alleges that she worked 24 holidays between 2009, and 2012, without receiving appropriate federally mandated holiday pay. She also alleges she worked in excess of 3,400 hours of overtime in excess of 40 hrs./wk. for which we was not compensated.

This discovery dispute involves the scope of subpoenas duces tecum Defendants served on various Las Vegas gaming establishments to obtain records. Defendants seek "any an all documents and records" in whatever format, that relate to Plaintiff's participation in any "Total Rewards" program, and other documents and records which establish the dates and times Plaintiff was engaged in non-work related activities at these gaming establishments. Plaintiff served objections to the subpoenas

duces tecum, and counsel for both sides agreed to submit this matter to the court for decision on the parties' joint dispute resolution memo.

      Having reviewed and considered the matter, the court finds that the subpoena duces tecum attached as Exhibit "1" to the parties' Joint Request for Discovery Dispute Resolution Conference (Dkt. #1) is patently overbroad on its face.  Compliance with the subpoena would require the custodian of records for the receiving entities to produce "any and all" records concerning Plaintiff's gaming, tournament play, credit requests, spa and fitness appointments, salon appointments, shopping, restaurant visits, etc.  Discovery of what spa treatments the Plaintiff may have received and what she may have ordered from restaurants or room service while off work is grossly disproportionate to the articulated basis for which Defendants claims they need the information-- to establish whether Plaintiff was actually working during the time she claims she was not compensated for overtime, or engaged in other extracurricular activities.  *See* Rule 26 (b)(2).  The broad discovery sought outweighs its likely benefit.  *Id*.  Plaintiff claims she was not compensated for overtime and holiday pay between September 2009, when she was promoted to Accounting Manager, and September of 2012, when she was terminated.  The court will authorize issuance of a subpoena duces tecum to gaming establishments for business records which establish the dates and times the Plaintiff was on the property between September 2009, and September 2012.

      Dated this 23 day of January, 2013.

_____
Peggy A. Leen
United States Magistrate Judge