UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SUSAN MARIE BANKOSZ,

    Plaintiff(s),

v.

BIG DADDY'S ICHABOD'S 1, INC., et al.,

    Defendant(s).

2:12-CV-1502 JCM (PAL)

**ORDER**

Presently before the court is defendants/interpleader-plaintiffs', Big Daddy's Ichabod's 1 and Francois Alvandi (collectively "Big Daddy's") emergency motion to set scheduling conference regarding interpleader complaint. (Doc. # 36).

Plaintiff/interpleader-defendant Susan Marie Bankosz ("Bankosz") commenced a lawsuit against Big Daddy's alleging retaliation and interference of rights under the Family and Medical Leave Act, unpaid overtime compensation under the Fair Labor Standards Act, and various state law claims. The parties settled all claims on February 5, 2013, at a private mediation.[1] Per the settlement agreement, Big Daddy's is required to tender payment to Bankosz by March 7, 2013.[2]

---

[1] There is a ripe motion to dismiss in this case (doc. # 7) that this court has not ruled on because of the ENE status and subsequent settlement.

[2] This motion is properly an "emergency" motion due the shortly upcoming agreed upon payment date.

**James C. Mahan**
**U.S. District Judge**

1  On December 7, 2007, a judgment was entered against Bankosz in favor of intervenor-defendant Vance Bode ("Bode") in a Florida state court.  The judgment was "domesticated" in Nevada in September 2009.  (*See* doc. 35, Ex. 1).  On February 25, 2013, Big Daddy's was served with a writ of execution and write of garnishment by a Clark County sheriff regarding the judgment.  Bode asserts a claim slightly over half of the settlement amount in this case.  Therefore, Bode and Bankosz have competing claims to the same funds.

Big Daddy's already deposited the settlement funds with the court on February 28, 2013.  (*See* doc. # 35, Ex. 3).  Big Daddy's asserts that it is "in great doubt as to which Intervenor-Defendant is entitled to be paid the settlement amount."  (Doc. # 35).  Finally, intervenor-defendant Bode has accepted service of the interpleader complaint.  (Doc. # 38).

Federal Rule of Civil Procedure 22 permits interpleader in certain circumstances.  Local rule 22-2 states that "the Court and parties will develop a briefing schedule or discovery plan and scheduling order for resolving the parties' competing claims."

The court finds it appropriate to hold a hearing to establish a plan for resolving the parties' competing claims to the settlement funds.  The clerk's office is ordered to withhold disbursement of the settlement funds until further instruction by this court.[3]  The hearing will be held at Tuesday, March 19, 2013, at 10:00 AM.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Big Daddy's emergency motion to set scheduling conference regarding interpleader complaint (doc. # 36) be, and the same hereby, is GRANTED consistent with the foregoing.

. . .

. . .

. . .

---

[3] The court can discern no reason why payment must be made by March 7, 2013.  However, if this date serves some purpose then the parties may file a notice advising the court of the importance of this date by March 6, 2013.

James C. Mahan
U.S. District Judge

- 2 -

**James C. Mahan**
**U.S. District Judge**

1  IT IS FURTHER ORDERED that any response by an interpleader-defendant shall be due by Monday, March 11, 2013.  Any reply by interpleader-plaintiff shall be due by Friday March 15, 2013.

DATED March 4, 2013.

_____
UNITED STATES DISTRICT JUDGE

- 3 -